**LIJUN LIU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72921.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lijun Liu, New York City, NY, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith Fax, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Lijun Liu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny in part, and dismiss in part, the petition for review.

■ Substantial evidence supports the IJ's conclusion that Liu's testimony was not credible because Liu testified inconsis-

** This disposition is not appropriate for publication and is not precedent except as provid-

tently as to whether she was persecuted on account of being Christian. *See Li v. Ashcroft,* 378 F.3d 959, 962 & 964 (9th Cir. 2004).

■ In addition, even assuming credibility, substantial evidence supports the IJ's conclusion that Liu did not establish past persecution because the mistreatment Liu experienced at the hands of the Chinese police did not rise to the level of persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006). Further, substantial evidence supports the IJ's conclusion that Liu has failed to establish a well-founded fear of future persecution. *See id.* at 1021–22.

■ We lack jurisdiction to consider Liu's withholding of removal and CAT claims, as well as her contention raised for the first time before this court that she faces persecution as a Chinese Christian in Indonesia, because she failed to raise these claims before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**